UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                   Criminal Case No. 07-20512

Kenneth Stefanski,                 Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REQUEST FOR COUNSEL

In this criminal action, Defendant Kenneth Stefanski ("Defendant") was convicted of Sexual Exploitation of Children and was sentenced to 35 years imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of his sentence at home because he is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion because: 1) Defendant poses a danger to the community and thus his release would not be consistent with applicable policy statements issued by the Sentencing Commission; and 2) because the 18 U.S.C. § 3553(a) sentencing factors do not favor his release.

## BACKGROUND

In this criminal case, Defendant pleaded guilty to one count of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a). The Honorable Lawrence P. Zatkoff presided over Defendant's case and sentenced him to a term of 35 years' imprisonment.

Defendant has served 13 years of his 35-year sentence. Defendant is currently housed at FCI Elkton. Defendant filed his Motion for Compassionate Release on August 2, 2020. Defendant asks the Court to allow him to serve the remainder of his sentence in home confinement. Defendant claims to have hypertension, obesity, and asthma. Defendant claims that he has used a CPAP machine for sleep apnea. Along with his motion, Defendant requests that the Court appoint counsel for him.

The Government acknowledges that Defendant exhausted his administrative remedies but opposes the motion on the merits.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to allow him to serve the remainder of his sentence in home confinement.[1]

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of

---

[1] Defendant also asks the Court to appoint counsel for him, to assist him in relation to this motion. The Court shall deny that request, because the decision whether to appoint counsel in this matter is discretionary and this Court concludes that Defendant has been fully capable of representing himself for purposes of this motion and addressing the issues.

making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D. Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, it is undisputed that Defendant is obese and has hypertension and other medical issues. The Government acknowledges that given the heightened risk that COVID poses to someone with those conditions, Defendant has satisfied the first eligibility threshold for compassionate release during this pandemic.

But the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a

"defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was convicted of Sexual Exploitation of Children in this case *and is now a four-time convicted sex offender.*

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious, as he was convicted of Sexual Exploitation of Children in this case and is now a four-time convicted sex offender. And allowing Defendant to be released after serving only a fraction of his lengthy sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's request for the appointment of counsel and his Motion for Compassionate Release are **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 26, 2020